# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

BENJAMIN THOMAS HAMMOND,

     Plaintiff,

-vs-

RENTGROW, INC.,

     Defendant.

CASE NO. 3:23-cv-01378

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, BENJAMIN THOMAS HAMMOND (hereinafter "Plaintiff"), by and through his undersigned counsel, for his cause of action against Defendants, RENTGROW, INC. (hereinafter "RentGrow"), and in support thereof respectfully alleges violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA").

## PRELIMINARY STATEMENT

1.    This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the FCRA.

2.    Consumer reporting agencies that create consumer reports, like RentGrow, are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply parrot information they receive from entities, particularly where a consumer makes a dispute about information reported.

3.      When a consumer, like Plaintiff, disputes information through the consumer reporting agencies, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

4.      The Consumer Financial Protection Bureau has noted, "experience indicates that [CRAs] lack incentives and under-invest in accuracy" Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## JURISDICTION, VENUE, AND PARTIES

5.      Jurisdiction for this Court is conferred by 28 U.S.C. § 1331, as this action involves violations of the FCRA.

6.      Venue is proper for this Court pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

7.      Venue is proper in this District as Plaintiff is a natural person and resident of Duval County, Florida; the violations described in this Complaint occurred in this District; and Defendant transacts business within this District.

8.      Plaintiff is a "consumer" as defined by the FCRA.

9.      RentGrow is a corporation with its principal place of business located at 177 Huntington Avenue, Suite 1703 #74213, Boston, Massachusetts 02115 that conducts business in the State of Florida.

10.     RentGrow is a "consumer reporting agency" as defined in 15 USC § 1681(f). RentGrow is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

11.     RentGrow disburses such consumer reports to third parties under contract for monetary compensation.

## FACTUAL ALLEGATIONS

12.     On or about October 21, 2023, Plaintiff applied for housing with non-party, Alibi at Lake Lilly Apartments.

13.     Upon information and belief, Alibi at Lake Lilly Apartments hired RentGrow to prepare a consumer report on Plaintiff in order to screen Plaintiff to determine his eligibility to lease a property from it.

14.     Upon review of the consumer report prepared by RentGrow, Alibi at Lake Lilly Apartments denied Plaintiff the opportunity to lease a property.

15.     Alibi at Lake Lilly Apartments denied Plaintiff the opportunity to lease a property from it because the consumer report prepared by RentGrow contained false and inaccurate information about Plaintiff.

16.     Specifically, the consumer report prepared by RentGrow falsely stated that Plaintiff owed an outstanding debt in the amount of $380 to non-party, ProCollect, account number ending in 6593, on behalf of original creditor, San Brisas Apartments located in Houston, Texas (hereinafter "ProCollect Account").

17.     Plaintiff has never lived in Texas or at San Brisas Apartments.

18.     Following the denial, on or about October 23, 2023, Plaintiff obtained copies of his credit reports and observed the ProCollect Account was being reported to his credit file.

19.     In response to the inaccurate reporting, on or about October 27, 2023, Plaintiff mailed a detailed dispute letter to the credit reporting agencies, Equifax Information Services LLC ("Equifax"), Experian Information Solutions, Inc. ("Experian"), and Trans Union LLC ("Trans Union"), and explained the ProCollect Account was not his. Plaintiff explained he believed he may be a victim of identity theft and included supporting documents.

20.     On or about November 3, 2023, Experian responded by stating the ProCollect Account was deleted from Plaintiff's credit report.

21.     On or about November 8, 2023, Trans Union responded by stating the ProCollect Account was deleted from Plaintiff's credit report.

22.     Based upon the dispute results from Experian and Trans Union, on or about November 9, 2023, Plaintiff again applied for housing with non-party, Alibi at Lake Lilly Apartments.

23.     Upon information and belief, Alibi at Lake Lilly Apartments hired RentGrow to prepare a consumer report on Plaintiff in order to screen Plaintiff to determine his eligibility to lease a property from it.

24.     Upon review of the consumer report prepared by RentGrow, Alibi at Lake Lilly Apartments denied Plaintiff the opportunity to lease a property.

25.     Alibi at Lake Lilly Apartments denied Plaintiff the opportunity to lease a property from it because the consumer report prepared by RentGrow contained false and inaccurate information about Plaintiff.

26.     Specifically, the consumer report prepared by RentGrow still inaccurately reported the ProCollect Account.

27.     Shortly, thereafter, Plaintiff contacted RentGrow and disputed the inaccurate reporting of the ProCollect Account. Plaintiff explained the account was not his.

28.     On or about November 13, 2023, RentGrow responded to Plaintiff's dispute via email and stated they were unable to process his dispute because the "disputed information not reported by RentGrow".

29.     Based upon the response from RentGrow and that the ProCollect Account had been removed, on or about November 15, 2023, Plaintiff applied for housing with non-party, Serenza at Ocoee Village.

30.     Upon information and belief, Serenza at Ocoee Village hired RentGrow to prepare a consumer report on Plaintiff in order to screen Plaintiff to determine his eligibility to lease a property from it.

31.     Upon review of the consumer report prepared by RentGrow, Serenza at Ocoee Village denied Plaintiff the opportunity to lease a property.

32.     Serenza at Ocoee Village denied Plaintiff the opportunity to lease a property from it because the consumer report prepared by RentGrow contained false and inaccurate information about Plaintiff.

33.    Specifically, despite the response Plaintiff received from RentGrow on November 13, 2023, the consumer report prepared by RentGrow still inaccurately reported the ProCollect Account.

34.    On or about November 16, 2023, due to the continued inaccurate reporting, Plaintiff again filed an online dispute with RentGrow. Plaintiff reiterated the ProCollect Account was not his.

35.    The next day, on or about November 17, 2023, RentGrow responded to Plaintiff's online dispute stating the ProCollect Account was verified as accurate.

36.    RentGrow failed to do any independent investigation into Plaintiff's dispute, but rather parroted information it received from the furnisher, ProCollect.

37.    RentGrow never attempted to contact Plaintiff during the alleged investigation.

38.    The information on the consumer report prepared by RentGrow is false and caused Plaintiff to be denied housing at least three (3) times.

39.    Due to the actions and/or inactions of RentGrow, Plaintiff suffered from a credit denial.

40.    As a result of the inaccurate credit reporting, Plaintiff has suffered damages, including, but not limited to:

     i.    Monies lost by attempting to fix his credit. Plaintiff has suffered actual damages in postage paid, wasted ink and paper, and wasted time;

     ii.    Loss of time attempting to cure the errors;

iii.  Mental anguish, added stress, aggravation, embarrassment, sleepless nights, and other related impairments to the enjoyment of life; Plaintiff is being physically affected by Defendants' reluctance to fix the errors; and

iv.  Defamation as RentGrow published inaccurate information to third party entities.

## CAUSES OF ACTION

### COUNT I
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, RentGrow, Inc. (Negligent)

41.  Plaintiff re-alleges and incorporates paragraphs one (1) through forty (40) above as if fully stated herein.

42.  RentGrow violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

43.  RentGrow allowed for Furnisher(s) to report inaccurate information on Plaintiff's credit file.

44.  RentGrow prevents its agents from calling consumers (like Plaintiff) during the dispute process or from calling witnesses with knowledge about the dispute.

45.  As a direct result of this conduct, action and/or inaction of RentGrow, Plaintiff suffered damages, including without limitation, denials for housing; loss

of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for housing, and the damages otherwise outlined in this Complaint.

46.     The conduct, action, and/or inaction of RentGrow was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 USC § 1681o.

47.     Plaintiff is entitled to recover costs and attorney's fees from RentGrow in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, BENJAMIN THOMAS HAMMOND, respectfully requests that this Court award actual damages against Defendant, RENTGROW, INC., jointly and severally; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT II
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, RentGrow, Inc. (Willful)

48.     Plaintiff re-alleges and incorporates paragraphs one (1) through forty (40) above as if fully stated herein.

49.     RentGrow violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the

preparation of the credit report and credit files it published and maintains concerning Plaintiff.

50.     RentGrow allowed for Furnisher(s) to report inaccurate information on Plaintiff's credit file.

51.     RentGrow prevents its agents from calling consumers (like Plaintiff) during the dispute process or from calling witnesses with knowledge about the dispute.

52.     As a direct result of this conduct, action and/or inaction of RentGrow, Plaintiff suffered damages, including without limitation, denials for housing; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for housing, and the damages otherwise outlined in this Complaint.

53.     The conduct, action, and/or inaction of RentGrow was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n.

54.     Plaintiff is entitled to recover costs and attorney's fees from RentGrow in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, BENJAMIN THOMAS HAMMOND, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, RENTGROW, INC., jointly and severally; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT III
### Violation of 15 U.S.C. § 1681i as to
### Defendant, RentGrow, Inc. (Negligent)

55.    Plaintiff re-alleges and incorporates paragraphs one (1) through forty (40) above as if fully stated herein.

56.    After receiving Plaintiff's disputes, RentGrow violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (4) relying upon verification from a source it has to know is unreliable.

57.    Despite the information provided by Plaintiff regarding the inaccurate reporting, RentGrow refused to conduct any independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

58.    As a direct result of this conduct, action and/or inaction of RentGrow, Plaintiff suffered damages, including without limitation, denials for housing; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for housing, and the damages otherwise outlined in this Complaint.

59.    The conduct, action, and/or inaction of RentGrow was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 USC § 1681o.

60. Plaintiff is entitled to recover costs and attorney's fees from RentGrow in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, BENJAMIN THOMAS HAMMOND, respectfully requests that this Court award actual damages against Defendant, RENTGROW, INC., jointly and severally; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT IV
### Violation of 15 U.S.C. § 1681i as to
### Defendant, RentGrow, Inc. (Willful)

61. Plaintiff re-alleges and incorporates paragraphs one (1) through forty (40) above as if fully stated herein.

62. After receiving Plaintiff's disputes, RentGrow violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (4) relying upon verification from a source it has to know is unreliable.

63. Despite the information provided by Plaintiff regarding the inaccurate reporting, RentGrow refused to conduct any independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

11

64.     As a direct result of this conduct, action and/or inaction of RentGrow, Plaintiff suffered damages, including without limitation, denials for housing; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for housing, and the damages otherwise outlined in this Complaint.

65.     The conduct, action, and/or inaction of RentGrow was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n.

66.     Plaintiff is entitled to recover costs and attorney's fees from RentGrow in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, BENJAMIN THOMAS HAMMOND, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, RENTGROW, INC., jointly and severally; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, BENJAMIN THOMAS HAMMOND, respectfully requests that this Court award judgment for actual, statutory, compensatory, and punitive damages against Defendants, RENTGROW, INC., jointly and severally;

attorneys' fees and costs; prejudgment and post-judgment interest at the judgment

rate; and such other relief the Court deems just and proper.

DATED this 22nd day of November 2023.

Respectfully submitted,

**/s/ _Frank H. Kerney, III, Esq._**
Frank H. Kerney, III, Esq.
Florida Bar No.: 88672
Tennessee Bar No.: 035859
The Consumer Lawyers PLLC
412 E. Madison St. Ste 916
Tampa, Florida 33602
Telephone: 844.855.9000
Facsimile: 844.951.3933
Frank@TheConsumerLawyers.com

**/s/ _Octavio Gomez_**
Octavio "Tav" Gomez, Esq.
Florida Bar #: 0338620
Georgia Bar #: 617963
Pennsylvania Bar #: 325066
The Consumer Lawyers PLLC
412 E. Madison St. Ste 916
Tampa, Florida 33602
Cell: (813) 299-8537
Facsimile: (844) 951-3933
Primary Email:
Tav@theconsumerlawyers.com
Secondary Email:
Lisa@theconsumerlawyers.com

*Attorneys for Plaintiff*