# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

BENJAMIN THOMAS HAMMOND,

      Plaintiff,

v.

RENTGROW, INC.

      Defendant.

Case No.: 3:23-cv-01378

## <u>STIPULATED PROTECTIVE ORDER</u>

The parties to this action have agreed to the terms of this Protective Order; accordingly, and for GOOD CAUSE shown, it is ORDERED:

1. **Definitions.** As used in this Protective Order:

(a) "attorney" means an attorney who has appeared in this action or is an employee of any name firm and actively assisting an attorney of record in the matter;

(b) "confidential" means a document reasonably designated as confidential under this Protective Order;

(c) "destroy" means to shred or delete information received. Nothing about the term destroy shall prevent a lawyer from complying with professional and ethical rules requiring preservation of a client's file; the contrary reserves all objections,

1

qualifications and reservations set forth in these objections and responses even though RentGrow may, in the interest of the prompt and expeditious conduct of discovery, provide information and documents over such objections, qualifications, and reservations.  By responding to Plaintiff's Requests, RentGrow does not admit or adopt any of the facts, characterizations, definitions, or conclusions contained therein.

(d)   "document" means information disclosed or produced in discovery, including at a deposition;

(e)   "notice" or "notify" means written notice, including email;

(f)   "party" means a party to this action; and

(g)   "protected document" means a document protected by a privilege or the work-product doctrine.

**2.    Designating a Document or Deposition as Confidential.**

(a)   In making a confidentiality designation, the designating party represents that it has a good-faith basis for contending that the document is "confidential," as defined by this Order.

(b)   No party shall designate any document or portion of any document as confidential that he/she has not carefully reviewed.

(c)   A party or non-party disclosing or producing a document may designate it as confidential if the party or non-party reasonably contends that it

contains confidential or proprietary information.

      (d)     A party or non-party may designate a document as confidential by conspicuously marking each page with the word "confidential." Deposition testimony may be designated as confidential:

          1)     after the deposition, by notifying the parties and those who were present at the deposition within 21 days after the deposition transcript becomes available, unless otherwise agreed.

      (e)     A party wishing to designate portions of a deposition transcript CONFIDENTIAL pursuant to this Order must, within 2 business days from the conclusion of the deposition, order the original or a copy of the transcript of the deposition from the court reporter for regular turnaround. The designating party may designate those portions of the transcript CONFIDENTIAL, in accordance with paragraph 2 of this Order. The designating party shall designate such CONFIDENTIAL MATERIAL either on the record or by serving upon all counsel of record via facsimile or other electronic transmission a Notice setting forth the page, line numbers and designation. The designating party must serve such Notice within 14 calendar days after its counsel receives a copy of the deposition transcript. All transcripts will be treated as confidential until the expiration of the 14-day period described in this paragraph. Any portions of a transcript designated as confidential shall thereafter be treated as confidential in accordance with this Order. The parties

shall negotiate in good faith to alter the time frames set forth in this paragraph in situations where a more expedited filing of a designated portion of the deposition transcript is required.

(f)     If a witness is expected to testify as to confidential or proprietary information, a party or non-party may request that the witness's deposition be taken in the presence of only those persons entitled to receive confidential documents.

**3.     Who May Receive a Confidential Document.**

(a)     All documents, transcripts, or other materials subject to this Order, and all information derived therefrom (including, but not limited to, all testimony given in a deposition, declaration, or otherwise, that refers, reflects, or otherwise discusses any information designated "confidential" hereunder), shall not be used, directly or indirectly, by any person or party for any business, commercial, or competitive purposes or for any purpose whatsoever other than solely for the prosecution and defense of this action in accordance with the provisions of this Order.

(b)     No person receiving a confidential document may reveal it, except to:

    1)     a party, if an individual;

    2)     the Court and its staff;

    3)     an attorney, as defined in Section 1(a), or an employee of any name firm who is actively assisting an attorney of record in this matter;

4)  a person shown on the face of the confidential document to have authored or received it;

5)  a court reporter or videographer retained in connection with this action;

6)  any juror or alternate juror;

7)  experts retained in connection with this action who have executed the "Acknowledgement of Understanding" (Exhibit A);

8)  any witness in this action where it is reasonably necessary to disclose confidential information for that witness's deposition and who has executed the "Acknowledgement of Understanding" (Exhibit A);

9)  professional jury, trial consultant, and mock jurors, who have executed the "Acknowledgement of Understanding" (Exhibit A);

10)  any person who is retained to assist a party or attorney with this action, who has executed the "Acknowledgement of Understanding" (Exhibit A).

(c)  If a confidential document is revealed to someone not entitled to receive it, the parties must make reasonable efforts to retrieve it.

**4.    Correcting an Error in Designation.**  A party or non-party who discloses or produces a confidential document not designated as confidential may,

5

within 7 days after discovering the error, provide notice of the error and produce a copy of the document designated as confidential.

5.      **Use of a Confidential Document in Court.**

(a)      Filing.   To the extent any motions, briefs, pleadings, deposition transcripts, or other papers to be filed with the Court incorporate documents or information subject to this Order, the party filing such papers shall designate such materials, or portions thereof, as "Confidential," and shall file them with the clerk under seal.   The parties shall comply with the Court's local rule governing filing under seal.   This Protective Order, however, does not authorize the filing of any document under seal.   A confidential document may be filed only in accordance with the Court's local rule governing the filing of sealed documents.

6.      **Changing a Confidential Document's Designation.**

(a)      Document disclosed or produced by a party.   A confidential document disclosed or produced by a party remains confidential unless the parties agree to change its designation or the court orders otherwise.

(b)      Document produced by a non-party.   A confidential document produced by a non-party remains confidential unless the non-party agrees to change its designation or the court orders otherwise after providing an opportunity for the non-party to be heard.

(c)     Changing a designation by court order.  If a party challenges the confidentiality designation of a document, the parties shall meet and confer concerning that issue within 14 days from the date the challenge is made.  If the parties cannot agree after they meet and confer, the designating party may file a motion seeking entry of a protective order concerning the specific document, seeking to have the Court designate it as confidential.  That motion shall be filed no later than 21 days after the parties meet and confer as discussed earlier in this paragraph. All parties shall continue to maintain the material in question as confidential until the Court rules on the challenge.

(d)     If the motion affects a document produced by a non-party, then, with respect to the motion, that non-party is entitled to the same notice and opportunity to be heard as a party.  The party or non-party who designated a document as confidential must show that the designation satisfies Fed. R. Civ. P. 26(c).

**7.     Handling a Confidential Document after Termination of Litigation.**

(a)     Within 30 days after the termination of this action (including any appeals), each party must return or destroy all confidential documents.

(b)     Notwithstanding paragraph 7(a), each attorney may retain a copy of any confidential document submitted to the Court and each attorney may retain records as required by the professional rules of conduct for lawyers.  Any retained Confidential Information shall continue to be protected under this Order.

**8.     Inadvertent Disclosure or Production to a Party of a Protected Document.**

(a)     Notice.

    1)     A party or non-party who discovers that it has inadvertently disclosed or produced a protected document must promptly notify the receiving party and describe the basis of the claim of privilege or protection.  If the party or non-party provides such notice and description, the privilege or protection is not waived.

    2)     A party who discovers that it may have received an inadvertently disclosed or produced protected document must promptly notify the disclosing or producing party or non-party.

(b)     Handling of Protected Document.  A party who is notified or discovers that it may have received a protected document must comply with Red. R. Civ. P. 26(b)(5)(B).

**9.     Security Precautions and Data Breaches.**

(a)     Each party must make reasonable efforts to protect the confidentiality of any confidential document disclosed or produced to that party.

(b)     A party who learns of a breach of confidentiality must promptly notify the disclosing or producing party of the scope and nature of that breach and make reasonable efforts to remedy the breach.

10.     **Survival of Obligations.**  The obligations imposed by this Protective

Order survive the termination of this action.


**IT IS SO ORDERED**.

Dated:  _____

_____
Hon. Samuel J. Horovitz
United States District Judge



AGREED TO:

| | |
|---|---|
| **THE CONSUMER LAWYERS, PLLC** | **WOMBLE BOND DICKINSON (US) LLP** |
| */s/* Frank H. Kerney | */s/* David A. Berkley |
| Frank H. Kerney, III | Kristin Walker-Probst (admitted *pro hac vice*) |
| Florida Bar #: 88672 | David A. Berkley (admitted *pro hac vice*) |
| Tennessee Bar #: 035859 | 400 Spectrum Center Drive, Suite 1700 |
| 412 E. Madison St, Ste 916 | Irvine, California 92618 |
| Tampa, FL 33602 | Telephone: (714) 557-3800 |
| Telephone: (844) 855-9000 | Facsimile:  (714) 557-3347 |
| Facsimile:  (844) 951-3933 | Email: Kristin.Walker-Probst@wbd-us.com |
| Primary Email: Frank@theconsumerlawyers.com | Email:  David.Berkley@wbd-us.com |
| Secondary Email: Lisa@theconsumerlawyers.com | *Attorneys for Defendant RentGrow, Inc.* |

9

**CONSUMER LITIGATION
ASSOCIATES, P.C.**

*/s/* Craig C. Marchiando
Craig C. Marchiando
Florida Bar #: 1010769
763 J. Clyde Morris Boulevard, Suite
1-A
Newport News, Virginia 23601
(757) 930-3660 – Telephone
(757) 930-3662 - Facsimile
Email: craig@clalegal.com

*Attorneys for Plaintiff Benjamin
Thomas Hammond*

## CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of July 2024, I have electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification to all counsel of record.

*/s/* David A. Berkley
David A. Berkley (admitted *pro hac vice*)